IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD F. MARUTZ,

    Movant,                                      No. Cr. S-93-0016 LKK EFB P

    vs.

UNITED STATES OF AMERICA,

    Respondent.                         ORDER

_____/

    Movant is a federal prisoner proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

    On May 20, 2008, counsel for movant filed a petition for writ of mandamus. The United States Supreme Court has made it clear that, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U. S. Dist. Ct.,* 426 U.S. 394, 402 (1976); *Will v. United States*, 389 U.S. 90, 95 (1967). The writ "traditionally has been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will*, 389 U.S. at 95. The movant must show a clear and undisputable right to issuance of the writ. *Kerr*, 426 U.S., 403; *U.S. v. Fei Ye*, 436 F.3d 117, 1121 (9th Cir. 2006). To determine whether mandamus should issue, courts consider the following factors: (1) whether the party seeking the writ has any other adequate

means, such as direct appeal, to attain the relief he seeks; (2) whether movant will be irreparably harmed or prejudiced if mandamus does not issue; (3) whether the court's action clearly erroneous as a matter of law; (4) whether the court's error is oft-repeated or demonstrates disregard for the federal rules; (5) whether the court's action raises new and important problems or issues of first impression. *Bauman v. U. S. Dist. Ct.*, 557 650. 654-55 (9th Cir. 1977). By reference to these factors, the movant must demonstrate that the magistrate judge has abused his authority with respect to this case. *See*, *Will*, 389 U.S. at 95 (only "exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy."); *In re Roe*, 257 F.3d 1077, 1080-81 (9th Cir. 2001) (district court clearly erred as a matter of law when it determined that habeas movant was entitled to release on bail pending resolution of his application for a writ of habeas corpus).

Counsel has not made that showing here. With respect to the first consideration, counsel asserts that his client "has no other means to attain relief other than before this court." Petition at 3. Insofar as only the submitted motion is pending, the only relief available is a ruling on the merits. However, as discussed below, an actual ruling on the merits is not the only avenue of potential relief in a case truly presenting extraordinary circumstances warranting interim relief. Thus, this factor does not weigh heavily in favor of the movant. Moreover, as discussed below, none of the remaining factors weigh in favor of movant.

In support of the second factor, counsel asserts that each day his client is "in custody violates rights that cannot be returned to him or corrected on appeal." Petition at 3. Certainly a court's violation of a litigant's constitutional right does weigh in favor of issuing a writ of mandamus. *See Armster v. U. S. Dist. Court*, 792 F.2d 1423, 1431 (1986) (declining to issue writ of mandamus because of the unique circumstances facing the district court resulting in the court violating the Seventh Amendment rights of litigants). However, counsel's argument assumes that the motion to vacate will be granted. Counsel makes no showing that there is any likelihood of success on the merits such that his client's continued custody constitutes a violation of any

constitutional right. Neither has counsel moved for preliminary relief, *see, e.g., In re Roe*, 257 F.3d 1080-81, or otherwise moved to have the case expedited and resolved before other submitted habeas actions.

In support of the third factor, counsel asserts that the magistrate judge has violated Ninth Circuit precedent requiring district courts to give habeas petitions such preferential treatment that they "usurp[] the attention and displace[] the calendar of the judge" before whom it is pending. *See Yong v. INS*, 208 F.3d 1116, 1121 (9th Cir. 2000) (finding that district court erred in staying a habeas action pending the Ninth Circuit's resolution of a case which would affect the outcome of the action stayed in the district court). In a related contention, counsel argues that the fourth factor is satisfied because the magistrate judge has permitted this and one other case in which counsel represents the movant to "languish" on the docket. Pet., at 3. The movant commenced this action following a complicated prosecution involving several crime scenes, searches and seizures, and expert testimony which resulted in movant's conviction of conspiracy to manufacture methamphetamine, attempted manufacture of methamphetamine, possession of a listed chemical and failure to appear. The motion to vacate asserts at least 21 instances in which trial and appellate counsel allegedly rendered ineffective assistance. He also challenges his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The case was fully briefed and submitted for decision on January 23, 2006.[1] However, this court faces an unprecedented backlog of habeas applications, all but a fraction of which are from prisoners proceeding without counsel. From January 1, 2004, through December 31, 2007, California prisoners commenced more than 2,600 actions seeking habeas corpus relief from the Sacramento Division of the United States District Court for the Eastern District of California.[2] Thus, while the court is aware that

---

[1] The previously assigned Magistrate Judge retired and this case was reassigned to the currently assigned Magistrate Judge on August 25, 2006, shortly after his appointment.

[2] Given this extremely heavy caseload and the lack of needed judgeships for this district, the tone of counsel's argument in the petition is regrettable.

1 movant's application has been submitted for some time now, others have been submitted longer.
2 This court's general policy is to resolve habeas petitions in the order in which they were
3 submitted for decision, regardless of whether the movant is represented by counsel.  Counsel
4 cites no precedent or rule which requires the court to permit a later-submitted habeas petition to
5 usurp its attention from that of an earlier one.  The magistrate judge cannot be found to have
6 neglected this (or any other) action in violation of Ninth Circuit precedent or any applicable
7 statutes or rules.  Furthermore, the same grounds counsel asserts for the issuance of a writ of
8 mandamus arguably applies to the scores of habeas petitioners whose applications were fully
9 briefed and submitted for decision before his.  Were all these prisoners to seek mandamus, the
10 writ would be meaningless.  There is no question that this court is not staffed adequately to
11 resolve all, or even most, of the submitted habeas actions within 60, 90 or even 120 days.
12 Finally, counsel concedes that the fifth factor is not implicated here. Thus, counsel's motion
13 essentially is a motion to expedite resolution of this case.  But counsel articulates no fact that sets
14 this action apart from the other submitted habeas actions that would justify resolving this action
15 ahead them. The court is confident that the magistrate judge will attend to this case with the
16 dispatch it requires.

   Accordingly, the petition for a writ of mandamus is denied without prejudice to renewal
within 90 days.

   IT IS SO ORDERED.

Dated: May 27, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT